**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50632**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 26, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ERICA SAENZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance, and concurrent, unified sentence of ten years, with a minimum period of confinement of three years, for possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Erica Saenz pled guilty to an amended charge of possession of a controlled substance, Idaho Code § 37-2732(c),[1] and possession of a controlled substance with the intent to deliver, I.C. § 37-2732(a). In exchange for her guilty pleas, additional charges were dismissed. The district

---

[1] The judgment of conviction lists count I as possession of a controlled substance with the intent to deliver, I.C. § 37-2732(a). However, according to the change of plea transcript, count I was amended to felony possession of a controlled substance, I.C. § 37-2732(c).

1

court imposed a unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance, and a concurrent, unified sentence of ten years, with a minimum period of confinement of three years, for possession of a controlled substance with the intent to deliver. Saenz appeals, arguing that her sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Saenz's judgment of conviction and sentences are affirmed.